UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

CHRISTOPHER CIESIELSKI,

       Defendant.
_____/

Case No. 1:21-cr-20485

Honorable Thomas L. Ludington
United States District Judge

Honorable Patricia T. Morris
United States Magistrate Judge

**ORDER DENYING TRIAL COUNSEL'S MOTION FOR ORDER FINDING WAIVER OF PRIVILEGE AND GRANTING GOVERNMENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S § 2255 MOTION**

After pleading guilty to manufacturing child pornography, 18 U.S.C. § 2251(a), Defendant Christopher Ciesielski was sentenced to 550 months' imprisonment to be followed by 10 years of supervised release. ECF No. 53.

Nine months later, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of trial counsel. ECF No. 54. The Government was directed to respond, ECF No. 61, but seeks more time because it needs information from Defendant's trial counsel that she "refuse[s] to provide . . . unless and until the court issues an order." ECF No. 64 at PageID.322. To that end, Defendant's trial counsel filed a "Motion for an Order Finding Waiver of Attorney-Client Privilege, Directing Defense Counsel to Provide Information to Government." ECF No. 63. Trial Counsel notes that "[t]he Government is seeking privileged information [from her] to respond to" Defendant's § 2255 motion so she requests a court order "notifying Defendant that [] if he chooses to persist in his allegations of ineffective assistance of counsel . . . he will have 30 days to withdraw the allegations in order to preserve his attorney-client and work product privileges." *Id.* at PageID.317.

Notably, both the Government and Trial Counsel agree that Defendant has waived his attorney-client privilege by filing a § 2255 motion. *See* ECF Nos. 63 at PageID.316–17; 64 at PageID.322; *see also In re Lott*, 424 F.3d 446, 452 (6th Cir. 2005) ("The [attorney-client] privilege may be implicitly waived by claiming ineffective assistance of counsel or by otherwise raising issues regarding counsel's performance."). Yet Trial Counsel suggests a court order restating the law is appropriate to "enhance the Defendant's understanding of consequences of the allegations he has made." ECF No. 63 at PageID.317.

But the waiver of Defendant's attorney-client privilege is not an issue presently before this Court. Thus, Trial Counsel's Motion merely seeks an advisory opinion. Federal courts are limited to resolving actual cases and controversies," U.S. CONST. art. III, § 2, so they may not issue judgments on theoretical or advisory disputes, *Safety Specialty Ins. v. Genesee Cnty. Bd. of Comm'rs*, 53 F.4th 1014, 1020 (6th Cir. 2022) (citing *Arnett v. Myers*, 281 F.3d 552, 562 (6th Cir. 2002)); *Saginaw Cnty. v. STAT Emergency Med. Servs.*, 946 F.3d 951, 954 (6th Cir. 2020) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–03 (1998)). Because this Court lacks the authority to issue an advisory opinion, Trial Counsel's request for an order detailing the relevant law surrounding attorney-client privilege must be denied.

And the Government's Motion for Extension of Time to File Response will be granted, adjourning its response deadline to August 22, 2023.

Accordingly, it is **ORDERED** that Trial Counsel's Motion for Order Finding Waiver of Attorney Client Privilege, ECF No. 63, is **DENIED**.

Further, it is **ORDERED** that the Government's Motion for Extension of Time to File Response, ECF No. 64, is **GRANTED**.

- 3 -

Further, it is **ORDERED** that the Government is **DIRECTED** to respond to Defendant's Motion to Vacate Sentence, ECF No. 54, **on or before August 22, 2023**.

Dated: July 25, 2023                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge