21UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

|  |  |
|---|---|
| Plaintiff, | Case No. 1:21-cr-20485 |
| v. | Honorable Thomas L. Ludington<br>United States District Judge |
| CHRISTOPHER CIESIELSKI, | |
| Defendant. | Honorable Patricia T. Morris<br>United States Magistrate Judge |

_____/

**OPINION AND ORDER (1) TAKING DEFENDANT'S MOTION TO VACATE UNDER ADVISEMENT, (2) DENYING DEFENDANT'S MOTION IN PART, (3) SCHEDULING EVIDENTIARY HEARING, (4) DIRECTING SUPPLEMENTAL BRIEFING, (5) DENYING AS MOOT DEFENDANT'S MOTION TO HOLD § 2255 PROCEEDINGS IN ABEYANCE, AND (6) GRANTING IN PART DEFENDANT'S MOTION TO INTERVIEW COUNSEL**

In March 2022, Defendant Christopher Ciesielski pleaded guilty to manufacturing child pornography. In his Rule 11 Plea Agreement, Defendant agreed to waive most of his direct and collateral appeal rights. Yet, in May 2023, Defendant filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255 and later filed separate motions seeking an "informal interview" with his trial counsel, and seeking to hold the § 2255 proceedings in abeyance pending unidentified sentencing amendments. As explained below, all of Defendant's § 2255 claims fail, with one exception.

The surviving claim alleges that Defense Counsel failed to file a notice of appeal after Defendant expressly requested she do so in writing. As required by binding Supreme Court and Sixth Circuit precedent, this Court will schedule an evidentiary hearing and direct supplemental briefing to decide whether Defendant made this request as alleged. If so, Defense Counsel was constitutionally ineffective, and Defendant is entitled to file a delayed appeal.

Defendant's § 2255 Motion will be denied in all other respects. His Motion to interview his attorney will be granted to the extent his attorney will testify at the evidentiary hearing. And his Motion to hold these § 2255 proceedings in abeyance pending the enactment of certain sentencing amendments will be denied as moot because the amendments have been enacted.

### I.

### A.

In October 2020, the National Center for Missing and Exploited Children reported that Defendant Christopher Ciesielski's Snapchat and Facebook accounts were distributing child pornography. ECF No. 38 at PageID.90–91; *see also* ECF No. 1 at PageID.3 (alleging Defendant uploaded a video of a "female licking a nude prepubescent vagina" on his Snapchat account and distributed a "59 second video depicting a nude prepubescent vagina being penetrated by an adult erect penis" on Facebook). In April 2021, law enforcement obtained and executed a warrant to search Defendant's Bay Port, Michigan, residence and seized, among other things, Defendant's cellphone. ECF No. 1 at PageID.4.

The background image on Defendant's cellphone was of a one-year-old girl, who Defendant referred to as his "adopted grandchild," noting the infant was the child of Defendant's "close family friends." *Id.* at PageID.4–5. A subsequent search of Defendant's cellphone uncovered a picture taken by Defendant's cellphone camera on January 7, 2021 of the infant girl's "vagina being manipulated by an adult's fingers." *Id.* at PageID.4–5. GPS location information indicated that the picture was taken at Defendant's Bay Port residence, and "friction ridge point extraction" revealed that the adult fingers in the picture matched Defendant's. ECF No. 38 at PageID.90–91. In addition to this picture, the search of Defendant's cellphone uncovered "numerous files of child pornography," which Defendant sent and received over Whatsapp. ECF No. 1 at PageID.4

(alleging that, "on October 23, 2022, [Defendant] sent a video [of] an erect penis ejaculating on a nude prepubescent vagina" and, on February 24, 2021, Defendant "sent an image [of] a prepubescent female child laying on her back . . . exposing her nude vagina"). During the April 2021 search, Defendant admitted that he "used . . . WhatsApp for child pornography" and "also confessed" to "enticing minors for nude images" over the app. *Id*

This is not the first time Defendant has possessed child pornography. Indeed, Defendant was convicted in 2008 in state court for possessing child pornography and has been registered in Michigan as a sex offender ever since. *See* PSR ¶ 41 (sealed); ECF No. 1 at PageID.3.

In April 2021, the Government filed a criminal complaint alleging Defendant possessed, distributed, and manufactured child pornography. *See* ECF No. 1 at PageID.1. In July 2021, the Government filed a criminal information charging Defendant with one count of manufacturing child pornography in violation of 18 U.S.C. § 2251(a). ECF No. 14. In March 2022, Defendant pleaded guilty pursuant to the terms of a Rule 11 Plea Agreement. *See* ECF Nos. 35; 37; 38. At all relevant times, Defendant was represented by attorney Lisa Satawa. *See* ECF No. 5.

In his Plea Agreement, Defendant waived all rights to directly appeal his conviction "on any grounds" and similarly "waive[d] any right . . . to appeal his sentence" if his sentence did not exceed the top of the applicable Guideline range. ECF No. 38 at PageID.101. Defendant also waived his rights to collateral review of his sentence and conviction on any ground other than alleged "ineffective assistance of counsel or prosecutorial misconduct." *Id.* at PageID.101–102. Defendant recognized and reaffirmed these waivers on the record during his March 2022 plea hearing and colloquy before Magistrate Judge Patricia T. Morris:

> **Judge Morris:** You are giving up your right to appeal your conviction on any grounds[.] You understand that, sir?
>
> **Defendant:** Yes.

**Judge Morris:** And so by giving up your right to appeal basically today's process, you would not be successful later on arguing that you didn't understand what was going on at today's hearing, or you didn't understand the terms of the plea agreement. You won't be successful in arguing that you had no idea you could be sentenced as high as you're ultimately sentenced by Judge Ludington. You would not be successful in arguing that you pled guilty just to get it over with or because your lawyer told you you should take the deal but you're not really guilty. None of those types of arguments will be successful later on. Do you understand that, sir?

**Defendant:** Yes.

. . .

**Judge Morris:** All right. Good. You are also giving up your right to appeal your sentence as long as you're not sentenced any higher than the top of the sentencing guideline range that will be determined by the Court at the time of sentencing. Do you understand that, sir?

**Defendant:** Yes.

**Judge Morris**: And that really comports with the Government's going to recommend that your sentence not exceed the top of the guidelines, and in this instance you are giving up your right to appeal your sentence as long as you're not sentenced higher than the top of the guideline range, right, sir?

**Defendant**: Yes.

**Judge Morris**: And those types of appeals that we're talking about there are what is called a direct appeal to our Sixth Circuit Court of Appeals. In this plea agreement, it also has a provision where you're giving up some rights to collateral review. That type of review involves generally motions that are filed sometimes here in the trial court complaining about either your conviction or sentence. And you're giving up those types of rights to file those kinds of motions as well, except you are keeping three -- three rights. You're keeping the right to complain that your counsel, your lawyer, was ineffective in assisting you. You're keeping the right to argue that the Government engaged in some sort of misconduct in prosecuting you, and you're also keeping the right to ask for compassionate release under Section 3582(c), but I just want you to know that those motions are not very often granted. It really requires some extraordinary circumstances to get compassionate release. But you are keeping the right to ask for review of those three things, but, other than that, you're giving up all your rights to collateral review as well as the direct appeal. Do you understand that, sir?

**Defendant**: Yes.

ECF No. 59 at PageID.274–77.

In August 2022, this Court sentenced Defendant below the Guidelines[1] to 550 months of imprisonment and 10 years of subsequent supervised release. ECF No. 53 at PageID.228–29. Defendant reaffirmed his plea waiver during his sentencing hearing before the undersigned, too:

> **The Court:** One concluding matter, the plea arrangement included at paragraph 12 an appeal waiver. It provided that the defendant would waive any right that he may have to appeal his conviction on any grounds. It further provided if the defendant's sentence of imprisonment did not exceed the top of the guideline range determined by the Court, that he would also waive any right that he may have to appeal his sentence on any grounds. I want to be sure that he understands that even if he might have a right to appeal that would escape that appeal waiver, it would still have to be timely, meaning the appeal would have to be commenced within 14 days of today's date. Ms. Satawa, have you had a chance to talk with [Defendant] concerning that provision?

> **Defense Counsel**: We spoke about that at the time of the plea, Your Honor, and I would just ask [Defendant] on the record . . . that he understands that he, as part of the plea agreement, has waived his right to appeal the conviction and your sentence[.]

> **Defendant:** Yes. Yes. That will work.

ECF No. 60 at PageID.301.

## B.

But on May 23, 2023, Defendant—while confined at FCI Hazelton in West Virginia—filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 54. Defendant's claims fall into two categories.

First, Defendant argues Defense Counsel was constitutionally ineffective for three reasons: (1) she "failed to file" an appeal, even after Defendant "wr[ote] to her about the issue," ECF No. 54 at PageID.238; (2) she "misled [him] into thinking [he] was sentenced to 30 years rather than

---

[1] The statutory sentencing range applicable to Defendant's conviction was 25 to 50 years of imprisonment. *See* ECF No. 38 at PageID.88–89; 18 U.S.C. §§ 2251(a), 2251(e). But the Guidelines range was life imprisonment, because Defendant's offense level was 43. *See* PSR ¶ 65 (sealed). Because the "statutory . . . maximum sentence" of 50 years was "less than the minimum" applicable Guidelines range, "the statutory . . . maximum" of 50 years—or 600 months—controlled. *See* U.S.S.G. § 5G1.1(a).

40 years," *id.* at PageID.239–40; and (3) she "did not investigate" Defendant's "story" and did not adequately raise three "factual disputes" in pretrial motions. *Id.* at PageID.243.

Second, Defendant claimed that the Guidelines *would* be amended, and that these forthcoming, unidentified, hypothetical amendments entitled him to re-scoring and would result in a lower "point assessment and criminal history category." *Id.* at PageID.241–42. Thus, simultaneous to filing his § 2255 Motion, Defendant filed a separate *pro se* Motion seeking to hold his § 2255 petition in abeyance until November 1, 2023. ECF No. 55. Months later, Defendant filed a third *pro se* motion and requested an "informal interview" with his trial Counsel. ECF No. 62 (citing Rule 6 of the Rules Governing § 2255 proceedings). The Government responded to Defendant's motion to vacate and motion for abeyance. *See* ECF Nos. 65; 70.

Then, in October 2023, Defendant filed a "memorandum of law" which largely expanded on his existing § 2255 claims but added a new ineffective-assistance-of-counsel claim concerning Defense Counsel's alleged failure to file a pretrial "[m]otion to [s]uppress" and a "[m]otion to [d]ismiss the [i]ndictment." ECF No. 75 at PageID.390.

## II.

A federal inmate can seek to vacate their conviction and sentence under 28 U.S.C. § 2255 on the grounds that either was imposed in violation of federal law. *Rumler v. Hemingway*, 171 F. Supp. 2d 705, 708 (E.D. Mich. 2001) (citing *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). An inmate seeking § 2255 relief "must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (citation omitted).

## III.

As explained below, all but one of Defendant's § 2255 claims fail. Each will be addressed and explained in turn.

### A.  Untimely Claim

First, to the extent Defendant added a new ineffective-assistance-of-counsel claim in his October 2023 "memorandum of law" to support his May 2023 § 2255 Motion, *see* ECF No. 75 at PageID.390, this claim is untimely.

A motion to vacate sentence under § 2255 is subject to a one-year statute of limitations, which begins to run from the latest of the following four circumstances:

> (1) the date on which the judgment . . . becomes final

> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f); *Solano v. United States*, No. 16-3558, 2017 WL 11776157, at *2 (6th Cir. Mar. 16, 2017).

Defendant had fourteen days to file a direct appeal after his August 10, 2022 sentence, but did not do so. *See* FED. R. APP. P. 4(b)(1). Thus, his conviction became final on August 24, 2022, *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Defendant does not argue that he discovered his trial counsel's alleged ineffective assistance of counsel at a later date. *See generally* ECF Nos. 54; 75. So Defendant's deadline to file § 2255 claims was August 24, 2023.

Although Defendant's May 2023 § 2255 *Motion* was timely, his October 2023 *memorandum*—which added a fourth substantive ineffective-assistance-of-counsel claim—was not. Accordingly, Defendant's claim that his trial counsel was constitutionally ineffective for failing to file a pretrial motion to suppress and a pretrial motion to dismiss is barred by the statute of limitations.[2]

## B.   Waived Claim

Although Defendant's remaining § 2255 claims are timely, he waived his claim that unidentified Guidelines amendments warrant a sentence reduction.

"A defendant may waive any right, including a constitutional right, in a plea agreement so long as the waiver is knowing and voluntary." *United States v. Coker*, 514 F.3d 562, 573 (6th Cir. 2008)(*citing United States v. Calderon*, 388 F.3d 197, 198 (6th Cir. 2004)). In his Rule 11 Plea Agreement, Defendant expressly and unambiguously waived his right to challenge "his conviction or sentence on collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255." ECF No. 38 at PageID.102. The *only* exception to this broad waiver concerned specific collateral claims concerning (1) "ineffective assistance of counsel" or (2) "prosecutorial misconduct claims." *Id.*

Defendant argues that this "plea [deal]" and waiver were not "knowing and intelligent" because they were based on Defense Counsel's "misrepresentations." ECF No. 54 at PageID.240. But the alleged misrepresentations were not misrepresentations at all. Defendant seems to believe

---

[2] Even if this additional claim was timely, it lacks merit. *See infra* Section III.C (discussing *Strickland* standard). Courts afford trial counsel substantial deference and presume they provided "adequate assistance" and exercised "reasonable professional judgment and sound trial strategy," which includes "the decision not to file certain motions if, after investigation, doing so would not be necessary or advantageous." *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997). And, even if Defendant showed objectively deficient performance, he has not even attempted to show prejudice or explain how these motions—if filed by trial Counsel—would have succeeded or resulted in a different outcome. *See* ECF No. 75 at PageID.390–91.

that he was "convicted of 'buying or selling children,'" and chides his counsel for not informing him that he was pleading guilty to this offense. *Id.*; *see also id.* at PageID.239–40 ("My lawyer never informed me what was the statute I plead out to[.]") But, as repeatedly reflected on the docket, Defendant was not convicted of—indeed, he was not even charged with—"buying or selling children" in violation of *18 U.S.C. § 2251A*. He instead was charged with and pleaded guilty to manufacturing child pornography and sexually exploiting children in violation of *18 U.S.C. § 2251(a)*. ECF Nos. 14 at PageID.33; 38 at PageID.88; 53 at PageID.227; *see also* PSR ¶ 26 (sealed). This charge was reiterated on the record at Defendant's March 2022 plea hearing, both by Defense Counsel and Judge Morris. ECF No. 59 at PageID.264, 270. Indeed, during the plea colloquy, this Court thoroughly explained the terms of Defendant's collateral waiver, and Defendant indicated that he understood and voluntarily agreed to it. *See id.* at PageID.276–77. Accordingly, "there is nothing in the record to suggest" that Defendant's collateral appeal waiver and Rule 11 Plea Agreement was unknowing or involuntary. *United States v. McGilvery*, 403 F.3d 361, 363 (6th Cir. 2005); *United States v. Calderon*, 388 F.3d 197, 200 (6th Cir. 2004).

Thus, Defendant's § 2255 claim concerning the applicability of unidentified sentencing amendments will be denied as waived.[3]

---

[3] Even if not waived, Defendant's § 2255 claim concerning his sentence would be denied on the merits, for multiple reasons. For starters, Defendant does not identify the Guidelines amendment that he contends warrants a sentence reduction. *See generally* ECF Nos. 54; 75. This imprecision is fatal. *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir.1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

True, Defendant does cite an April 2023 United States Sentencing Commission press release discussing *several* amendments that took effect in November 2023. *See* ECF No. 75 at PageID.388. But none apply to his sentence. The November 2023 amendments primarily addressed drug and firearm offenses and reconsidered "extraordinary and compelling reasons" to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A). U. S. SENT'G COMM'N, AMENDMENTS TO THE SENTENCING GUIDELINES (Apr. 27, 2023). Although some amendments also changed certain

## C.  Ineffective Assistance of Counsel Claims

This leaves Defendant's three timely ineffective assistance of counsel claims. In *Strickland v. Washington*, the Supreme Court promulgated the preeminent "performance and prejudice" test

---

offense characteristics and calculations concerning sex-offense convictions, U.S.S.G. §§ 2G1.1, 2G1.3, 2A3.3, those changes expressly do not apply to Defendant's sexual exploitation of children conviction under 18 U.S.C. § 2251.

And true, the November 2023 Amendments included "Amendment 821" which altered the application of the Guidelines for certain offenders who either earned criminal history "status points" by committing the instant offense while serving another sentence ("Part A"); or had zero criminal history points at the time of sentencing ("Part B"). But neither Part of Amendment 821 warrants a reduction in Defendant's sentence.

Part A of Amendment 821 amended U.S.S.G. § 4A1.1 such that (1) a defendant who had six or less criminal history points would receive no additional criminal history points for committing an offense while under sentence; and (2) a defendant who had seven or more criminal history points would receive only one additional criminal history point for committing an offense while under sentence. *See* U.S.S.G. § 4A1.1(e). This does not apply to Defendant because he did not commit the instant offense while serving another sentence and thus did not receive any § 4A1.1(e) status points at his 2022 sentencing. *See generally* PSR (sealed).

Part B of Amendment 821 added a new section to the Guidelines that reduces a defendant's offense level by two if the defendant "meets all" of 10 enumerated criteria, one of which provides that the two-point reduction only applies if "the instant offense of conviction is not a sex offense." U.S.S.G. 4C1.1(a)(5). This, too, does not apply to Defendant because, although he had no criminal history at the time of sentencing, PSR ¶¶ 42–43 (sealed),  his conviction was undoubtedly a "sex offense" as that term is used in the Guidelines. *See* U.S.S.G. § 4C1.1(b)(2) (defining "sex offense" to include, by cross reference, 18 U.S.C. § 2251).

And, at bottom, even if Defendant showed some error in sentencing, such claim is not cognizable on collateral § 2255 review. "Nonconstitutional" claims "such as mistakes in the application of sentencing guidelines, will rarely, if ever" be cognizable on collateral review. *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). Absent a "fundamental defect which inherently results in a complete miscarriage of justice," such claims must be raised at trial or on direct appeal. *Id.* at 505–06 (citing *Reed v. Farley*, 512 U.S. 339, 354 (1994)); *see also Stone v. Powell*, 428 U.S. 465, 478, n. 10 (1976) ("[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral appeal only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice." (internal citations and quotations omitted)). Defendant has not alleged—let alone shown—such fundamental unfairness. Nor could he. *See Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018) (rejecting contention that an intervening change in the Guidelines warrants § 2255 relief).

for whether a counsel provides ineffective assistance in violation of the Sixth Amendment. To succeed on an ineffective-assistance-of-counsel claim, a defendant must show that (1) counsel's performance was objectively deficient, and (2) the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Under the first "performance" prong, a defendant must show that their counsel's representation "fell below an objective standard of reasonableness." *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir.2013). However, when evaluating performance, courts must presume that the counsel's conduct "falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Moreland v. Robinson*, 813 F.3d 315, 328 (6th Cir. 2016) (quoting *Bell v. Cone*, 535 U.S. 685, 702 (2002)). Indeed, "defense counsel need not 'pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.'" *Id.* (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). And counsel does not render constitutionally deficient performance by failing to raise a meritless or irrelevant issue. *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020).

Under the second "prejudice" prong, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. When the defendant pleaded guilty—as Defendant did here—the defendant "must show . . . a reasonable probability that, but for counsel's errors," he or she "would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Liberally construed, Defendant raises three timely ineffective-assistance of counsel claims. Each will be addressed in turn.

### 1. Pretrial Motions & "Factual Disputes"

Defendant first alleges that Defense Counsel was constitutionally ineffective for failing to "investigate" his "story," and file pretrial motions asserting that (1) Defendant "was not a parent or guardian" of the infant victim and (2) there was "no exchange of monies" accompanying Defendant's manufacture and distribution of child pornography. ECF No. 54 at PageID.243. This claim lacks merit.

Courts afford trial counsel substantial deference and presume they provided a defendant with "adequate assistance" and exercised "reasonable professional judgment and sound trial strategy." *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997). "Trial strategy includes the decision not to file certain motions if, after investigation, doing so would not be necessary or advantageous." *United States v. Hinds*, 2 F. App'x 420, 423 (6th Cir. 2001) (citing *Bell*, 126 F.3d at 848).

It is entirely unclear how the "exchange of monies" relates to Defendant's sentence or conviction. It seems Defendant is again under the mistaken belief that he was convicted of selling or buying children under 18 U.S.C. § 2251A. But he was not charged with this offense. *See* ECF No. 14. He did not plead guilty to this offense. *See* ECF No. 59. He was not convicted of this offense. *See* ECF No. 53. Instead, as the record repeatedly reflects Defendant understood, he pleaded guilty to manufacturing child pornography in violation of § 2251(a), which does not require the "exchange of monies" as an element of conviction. *See* Sixth Circuit Pattern Criminal Jury Instruction 16.01. Counsel cannot be constitutionally ineffective for failing to raise an irrelevant argument. *See Tackett*, 956 F.3d 358, 375 (6th Cir. 2020).

Nor can Counsel be constitutionally ineffective for failing to raise a meritless argument. *Id.* Defendant claims his Counsel should have argued that he was not the infant victim's "parent or guardian." ECF No. 54 at PageID.243. This issue relates to a sentencing enhancement Defendant

received under U.S.S.G. § 2G2.1(b)(5). *See* ECF No. 38 at PageID.94; PSR ¶ 31 (sealed). That provision authorizes a two-point offense level enhancement when (1) the sex-offense defendant is the "parent, relative, or legal guardian" of the victim, or (2) the victim was otherwise "in the custody, care, or supervisory control of the defendant" at the time of the offense. U.S.S.G. § 2G2.1(b)(5) True, Defendant was not the infant victim's "parent or guardian." ECF No. 54 at PageID.243. But the § 2G2.1(b)(5) enhancement still applies because Defendant characterized the victim as his "adopted grandchild," and it is undisputed that he produced the pornographic images of her while he was caring for her in his residence. *See* ECF No. 38 at PageID.90; PSR ¶ 31 (sealed). Indeed, Defendant expressly recognized the applicability of this enhancement in his Rule 11 Plea Agreement. ECF No. 38 at PageID.94. Defense Counsel did not provide objectively unreasonable assistance.

And, even if she did, Defendant has not even attempted to show prejudice. *See* ECF No. 75 at PageID.390–91. Nor could he. *See United States v. Moore*, No. 06-20465, 2018 WL 4697091, at *3 (E.D. Mich. Sept. 27, 2018) (rejecting ineffective assistance claim because the challenges defendant wished his counsel would have made "would have accomplished little"); *United States v. Ball*, No. 06-20465, 2017 WL 4150712, at *21 (E.D. Mich. Sept. 19, 2017) (same, because defendant presented "nothing to suggest" his purported arguments "would have succeeded" if his counsel presented them pretrial).

### 2.  Predicted Sentence

Second, Defendant argues Defense Counsel was constitutionally ineffective throughout plea negotiations because she did not "inform[] [him] that [he] had a 30 year mandatory minimum" and "misled [him] into thinking [he] [would be] sentenced to 30 years rather than 40 years." ECF No. 54 at PageID.240. This argument lacks merit.

First, as recognized in his Rule 11 Plea Agreement, Defendant's conviction carried a 25-year statutory mandatory minimum, not a 30-year mandatory minimum. *See* ECF No. 38 at PageID.88; 18 U.S.C. § 2251(e). Second, *assuming arguendo* Defense Counsel told Defendant he would be sentenced to 30 years, and assuming further this advice was objectively unreasonable, Defendant has not shown prejudice. Again, "[i]n a guilty plea context, while the performance prong of the *Strickland* test remains the same, to establish prejudice the [defendant] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Comedy*, 107 F. App'x 562, 564 (6th Cir. 2004) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Defendant cannot make this showing.

In the Sixth Circuit, it is "well settled that a defense attorney's erroneous calculation *and prediction* of the sentencing guidelines is not a basis for setting aside a guilty plea." *United States v. Hicks*, 4 F.3d 1358, 1363 n. 3 (6th Cir. 1993) (emphasis added). So, as long as "the District Court properly conducts a Rule 11 colloquy and informs the defendant of the maximum penalty he may receive; he simply cannot argue that an attorney's inaccurate prediction caused prejudice." *United States v. Elliott*, No. CIV.A. 6:10-7120-DCR, 2011 WL 1793384, at *5 (E.D. Ky. May 11, 2011); *see also Brown v. United States*, 75 F. Supp. 2d 345, 355 (D.N.J. 1999), *aff'd*, 45 F. App'x 92 (3d Cir. 2002) ("The rationale is that the Rule 11 colloquy, which advises the defendant of the minimum and maximum imprisonment range under the statute and provides other necessary information about the Guidelines sentencing process, eliminates any arguable prejudice from an earlier estimate by counsel."); *Valdez v. United States*, 201 F. App'x 324, 330 (6th Cir. 2006) (Guy, Jr., J, dissenting) (noting proper Rule 11 colloquy "trump[s]" prior predictions of counsel and erases any prejudice). At Defendant's plea colloquy, this Court properly informed him of the applicable statutory minimum and maximum sentences, ECF No. 59 at PageID.264, 266. The

record of this hearing reflects Defendant's understanding at the time that he could be sentenced anywhere between "25 to life." *Id.* at PageID.266. Thus, his Counsel cannot be constitutionally ineffective *even if* she previously told him that he may receive a 30-year sentence.

### 3.   Failure to File Appeal

Finally, Defendant alleges that his Counsel was constitutionally ineffective because she "failed to file a timely notice of appeal" after he asked her to in writing. ECF No. 54 at PageID.238–39. As explained below, an evidentiary hearing is necessary to determine whether this final ineffective-assistance-of-counsel claim has merit.

### a.

In 2012, the Sixth Circuit recognized that, "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel[.]" *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012). At first glance, this rigid rule seems counterintuitive. If a defendant has waived their right to a direct appeal, how is their attorney constitutionally ineffective for failing to file a likely frivolous, meritless appeal, which would additionally breach the Rule 11 Plea Agreement and expose the defendant to the recission of bargained-for sentencing benefits? A deeper dive provides clarity.

In *Cambpell*, the Sixth Circuit addressed, for the first time, the narrow issue now before this Court: when a defendant waives appellate rights as part of a Rule 11 plea agreement but expressly asks their lawyer to appeal, does their lawyer deprive them of their Sixth Amendment rights by refusing such request? *See id.* at 356. At the time, federal appellate courts were divided on the question. *See id.* (collecting cases). Most circuits answered in the affirmative, primarily relying on the 2000 Supreme Court decision *Roe v. Flores–Ortega. See id.* at PageID.359 (citing

*Watson v. United States*, 493 F.3d 960, 964 (8th Cir.2007); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir.2007); *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006); *Gomez–Diaz v. United States*, 433 F.3d 788, 793 (11th Cir.2005); *United States v. Sandoval–Lopez*, 409 F.3d 1193, 1197 (9th Cir.2005); *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir.2005)).

Although *Flores-Ortega* did not involve plea-agreement appeal waivers, the Supreme Court held there that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 484 (2000) ("This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes."). And, in this specific circumstance, the Supreme Court recognized that the "performance" and "prejudice" prongs of the *Strickland* ineffective-assistance-of-counsel standard effectively "overlap." *Id.* at 486. The merits of the requested appeal don't matter. *Id.* When a lawyer disregards his or her client's express instruction to file an appeal, the client is automatically prejudiced because they have been "deprive[d] . . . of an appeal that [they] otherwise would have taken." *Id.* at 484. Indeed, "deficient performance in this context *causes* prejudice because it causes the 'denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right.'" *Campbell*, 686 F.3d at 357 (emphasis added) (quoting *Flores-Ortega*, 528 U.S. at 483).

In joining the majority of federal circuits in applying *Flores-Ortega* to cases involving an appeal waiver, the Sixth Circuit rejected sister-circuit counterarguments concerning efficiency and plea-bargain benefits. Take the Seventh Circuit's decision in *Nunez v. United States*, 546 F.3d 450

(7th Cir. 2008) and the Third Circuit's decision in *United States v. Mabry*, 563 F.3d 231 (3rd Cir. 2008). In *Nunez*,[4] the Seventh Circuit held that a lawyer need not file an appeal upon a defendant's request if the defendant waived their right to appeal in their plea agreement. That Court's reasoning makes some sense. When a defendant appeals in breach of a plea-agreement waiver, the Government may withdraw concessions it offered in consideration for the defendant's guilty plea. *See United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002) ("Plea agreements are contractual in nature."). So, the Seventh Circuit reasoned, when faced with a client wanting to appeal in breach of their waiver, a lawyer's "duty to protect his client's interest" outweighs his or her duty to respond to their "unreasonable" request. *Nunez*, 546 F.3d at 455 (noting an appeal "would . . . put" the defendant "in jeopardy, allowing the prosecutor to reinstate . . . dismissed charges or ask the district court to increase the sentence[,]" and would rescind any sentencing "discount[s]" received for prior acceptance of responsibility). The Third Circuit adopted this reasoning in *Mabry* and additionally explained that, as a matter of efficiency, courts should only allow these ineffective-assistance-of-counsel claims to proceed if the defendant's waiver was unknowing or involuntary. *Mabry*, 536 F.3d at 241.

But the Sixth Circuit rejected *Marbry*'s efficacy rationale as "unpersuasive" in light of the well-established procedure courts and attorneys must follow when a defendant appeals post-waiver. *Campbell*, 686 F.3d at 358, 360 ("[T]he court can efficiently dispose of claims that fall within the scope of the waiver; and the government may, but is not required to, respond to the potential issues on appeal." (citing *Anders v. California*, 386 U.S. 738 (1967))). And, although it

---

[4] The Supreme Court vacated and remanded the Seventh Circuit's decision in *Nunez* on other grounds, concluding that court erroneously interpreted the terms of defendant's waiver, which did not preclude his appeal in the first instance. *See Nunez v. United States*, 554 U.S. 911, 128 S. Ct. 2990, 171 L. Ed. 2d 879 (2008) (referring to Brief of the United States, *Nunez v. United States*, 128 S. Ct. 2990 (2008) (No. 07–818), 2008 WL 2050805).

agreed with the Seventh Circuit in *Nunez* that attorneys have *some* obligation to "protect the defendant from losing the benefit of a plea bargain," the Sixth Circuit found this obligation insufficient to "justif[y] the denial of reasonable effective counsel . . . if the defendant chooses that course." *Id.* at 359 (stressing that appealing is the "defendant's prerogative"). Thus, "even where an appeal appears frivolous" because of a prior waiver, an attorney still has a Sixth Amendment obligation to file an appeal upon request. *Campbell*, 686 F.3d at 358. The Sixth Circuit recognizes the likely result of this rule: "[a]dmittedly, applying the *Flores-Ortega* presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose." *Id.* at 360 (quoting *Campusano*, 442 F.3d at 777).

Seven years after the Sixth Circuit decided *Campbell* and weighed in on the circuit split, the Supreme Court provided clarity. In *Garza v. Idaho*, the Supreme Court expressly held that the "presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether defendant has signed an appeal waiver." 586 U.S. 232, 247 (2019). Like the Sixth Circuit and most federal appellate courts, the Supreme Court concluded "that the risk of breaching the defendant's plea agreement" by filing a requested appeal does *not* trump the attorney's constitutional mandate to abide by their client's decision to appeal.[5] *Id.* at 241. So the law is now well-settled: if a defendant asks his or her attorney to appeal and they do not do so, the attorney deprives the defendant of their

---

[5] Still, when presented with this specific circumstance, defense attorneys face a dilemma. On one hand, they have a clear constitutional duty to file any requested appeal. On the other, they are ethically obligated to avoid frivolous filings and protect their client from rescinded plea benefits. If a client asks their attorney to file an appeal in breach of a seemingly unambiguous, voluntary, and intelligent waiver, should the lawyer automatically file a notice of appeal? Should they first counsel the client that doing so risks the recission of the bargained-for plea agreement benefits? How much pushback should—or could—the attorney provide? Precedent provides little practical guidance. *See Garza*, 586 U.S. at 241 (declining to clarify an attorney's "responsibility to discuss the potential consequences" of appeal when their client asks them to appeal in breach of a plea agreement).

Sixth Amendment rights, regardless of whether the defendant waived his right to appeal. *See id.* at 243–44; *but see id.* at 248–51 (Thomas J., dissenting) (explaining this "defendant-always-wins" rule is unsound and impractical; noting that, in a vast majority of cases, an appeal would be "worse than pointless" by "creat[ing] serious risks for [the defendant] while having no chance at all" of success; and suggesting ineffective-assistance would only lie in these circumstances if (1) the proposed claims on appeal are outside the appeal waiver, (2) the appeal waiver was involuntary or unknowing, or (3) the Government breached the plea agreement, first).

But courts should not simply take a defendant's word at face value. Without the Government's concession, the Sixth Circuit instructs district courts to conduct evidentiary hearings to resolve the threshold factual question of whether the defendant actually made the alleged request. *Id.* at 360. The request must be "unequivocal," *id.* at 355, but the applicable standard of proof is unclear. As favorably cited by the Sixth Circuit in *Campbell*, the Fifth Circuit held that the defendant bears the burden to prove he or she made the unequivocal request by a preponderance of the evidence. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). This Court has implied as much. *Shaw v. United States*, 498 F. Supp. 3d 944, 956 (E.D. Mich. 2020) (noting a defendant must "tip the scales in his favor" to show he requested his counsel file a notice of appeal). And, also as favorably cited by the Sixth Circuit in *Campbell*, the Eighth Circuit explained that district courts can make credibility determinations after the evidentiary hearing and need not "credit [the defendant's naked] assertion[s]." *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007).

If the district court concludes the defendant did *not* request an appeal, the defendant's ineffective-assistance claim fails, and the defendant "is not entitled to any . . . relief." *Campbell*, 686 F.3d at 360. If, as a matter of fact, the defendant *did* request an appeal, they succeed on their ineffective-assistance claim as a matter of law and are accordingly entitled to file a "delayed

appeal." *Id.*; *see also Garza*, 586 U.S. at 247 ("When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal.")

**b.**

Here, contrary to the Government's characterization, *see* ECF No. 77 at PageID.400 (arguing Defendant "makes no claim that he actually requested trial counsel to file a notice of appeal"), Defendant alleges that he wrote a letter to his attorney expressly asking her to file a notice of appeal. ECF No. 54 at PageID.238. But the Government disputes this claim and attaches the sworn affidavit of Defense Counsel asserting Defendant "did not ask [her] to file a Notice of Appeal." ECF No. 70-1 at PageID.365. On this point, Defendant has not provided a copy of the letter, explained its contents, or otherwise provided any evidence or identifying information to substantiate his alleged requested appeal.

But binding precedent entitles Defendant to an evidentiary hearing to resolve this disputed question of fact. So, one will be scheduled. In the meantime, Defendant and the Government will be permitted to file optional, supplemental briefing supporting or refuting the alleged request. Defendant's Motion to Vacate will be denied in all other respects, Defendant's Motion to interview his attorney will be granted to the extent his attorney will testify at the scheduled evidentiary hearing, and Defendant's Motion to hold his § 2255 petition in abeyance pending sentencing amendments that have already been enacted will be denied as moot.

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion to Vacate, ECF No. 54, is **TAKEN UNDER ADVISEMENT IN PART,** to the extent it argues Defense Counsel was constitutionally ineffective for failing to file an appeal after Defendant's request.

Further, it is **ORDERED** that Defendant, the Government, and Attorney Lisa Satawa are **DIRECTED** to attend a virtual evidentiary hearing **on April 21, 2025, at 2:30 PM EDT.** The hearing will be transcribed on the record and will resolve the factual question of whether Defendant requested that Ms. Satawa file an appeal on his behalf.

Further, it is **ORDERED** that Defendant, the Government, and Attorney Lisa Satawa are **PERMITTED** to file no more than 10 pages, excluding attachments, of optional supplemental briefing, **on or before April 18, 2025.** The supplemental briefs should either support or refute Defendant's alleged appeal request.

Further, it is **ORDERED** that Defendant's Motion to Vacate, ECF No. 54, is **DENIED** in all other respects.

Further, it is **ORDERED** that Defendant's Motion to hold § 2255 Proceedings in Abeyance pending sentencing amendments, ECF No. 55, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Defendant's Motion Requesting an Informal Interview of Defense Counsel, ECF No. 62, is **GRANTED IN PART**, to the extent that Defense Counsel is directed to attend the April evidentiary hearing.

Dated: April 3, 2025                                        s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge