UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                              Case No. 1:21-cr-20485

v.                                            Honorable Thomas L. Ludington
                                                   United States District Judge

CHRISTOPHER CIESIELSKI,

                                                   Honorable Patricia T. Morris
        Defendant.                          United States Magistrate Judge
_____/

**OPINION AND ORDER DENYING DEFENDANT'S § 2255 MOTION TO VACATE AND DENYING DEFENDANT'S MOTION FOR COUNSEL AS MOOT**

       In March 2022, Defendant Christopher Ciesielski pleaded guilty to manufacturing child pornography. In his Plea Agreement, Defendant waived most of his direct and collateral appeal rights. Yet, in May 2023, Defendant filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. On April 3, 2025, this Court denied Defendant's motion on all grounds except one, taking under advisement his claim that his trial counsel was constitutionally ineffective for failing to file an appeal after he "wr[ote] to her about the issue." Although his trial counsel swore under penalty of perjury that she never received a letter—or any other request—from Defendant, this Court—as required by binding Sixth Circuit precedent—scheduled an evidentiary hearing on this remaining § 2255 claim to determine whether, as a matter of fact, Defendant requested an appeal. At this evidentiary hearing, Defendant had the burden of proving by a preponderance of the evidence that he requested an appeal.

       Defendant did not meet this burden. So his remaining § 2255 claim will be denied, and the ancillary motion he made for appointed counsel will be denied as moot.

**I.**

This Court explained all background facts regarding Defendant's plea, conviction, waiver, and sentence in its April 2025 Opinion. *See United States v. Ciesielski*, No. 1:21-CR-20485, 2025 WL 1001479, at *1 (E.D. Mich. Apr. 3, 2025). Only the key facts will be restated here.

In July 2021, the Government filed a criminal information charging Defendant with one count of manufacturing child pornography in violation of 18 U.S.C. § 2251(a). ECF No. 14. In March 2022, Defendant pleaded guilty. *See* ECF Nos. 35; 37; 38. At all relevant times, Defendant was represented by attorney Lisa Satawa. *See* ECF No. 5.

In his Rule 11 Plea Agreement, Defendant waived all rights to directly appeal his conviction "on any grounds" and similarly "waive[d] any right . . . to appeal his sentence" if his sentence did not exceed the top of the applicable Guideline range. ECF No. 38 at PageID.101. Defendant also waived his rights to collateral review of his sentence and conviction on any ground other than alleged "ineffective assistance of counsel or prosecutorial misconduct." *Id.* at PageID.101–102. Defendant recognized and reaffirmed these waivers on the record during his March 2022 plea hearing and colloquy before Magistrate Judge Patricia T. Morris. *See* ECF No. 59 at PageID.274–77.

In August 2022, this Court sentenced Defendant below the Guidelines to 550 months of imprisonment and 10 years of subsequent supervised release. ECF No. 53 at PageID.228–29.. Relevantly, the transcript of Defendant's sentencing hearing does not reflect that he asked his counsel to file an appeal. *See* ECF No. 60. To the contrary, Defendant recognized he waived his right to do so. *Id.* at PageID.301 ("Yes. Yes. That will work.").

But on May 23, 2023, Defendant filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255, ECF No. 54. On April 3, 2025, this Court denied the Motion in large part, rejecting

all of Defendant's claims except one. *See Ciesielski*, 2025 WL 1001479, at *4–8. Sixth Circuit precedent required this Court to schedule an evidentiary hearing for Defendant's remaining claim: that his trial counsel was constitutionally ineffective for failure to file an appeal after he "wr[ote] to her about the issue," ECF No. 54 at PageID.238. This Court explained why an evidentiary hearing was necessary:

> In 2012, the Sixth Circuit recognized that, "even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel[.]" *Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012). At first glance, this rigid rule seems counterintuitive. If a defendant has waived their right to a direct appeal, how is their attorney constitutionally ineffective for failing to file a likely frivolous, meritless appeal, which would additionally breach the Rule 11 Plea Agreement and expose the defendant to the recission of bargained-for sentencing benefits? A deeper dive provides clarity.
>
> In *Cambpell*, the Sixth Circuit addressed, for the first time, the narrow issue now before this Court: when a defendant waives appellate rights as part of a Rule 11 plea agreement but expressly asks their lawyer to appeal, does their lawyer deprive them of their Sixth Amendment rights by refusing such request? *See id.* at 356. At the time, federal appellate courts were divided on the question. *See id.* (collecting cases). Most circuits answered in the affirmative, primarily relying on the 2000 Supreme Court decision *Roe v. Flores–Ortega*. *See id.* at PageID.359 (citing *Watson v. United States*, 493 F.3d 960, 964 (8th Cir.2007); *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir.2007); *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007); *Campusano v. United States*, 442 F.3d 770, 777 (2d Cir. 2006); *Gomez–Diaz v. United States*, 433 F.3d 788, 793 (11th Cir.2005); *United States v. Sandoval–Lopez*, 409 F.3d 1193, 1197 (9th Cir.2005); *United States v. Garrett*, 402 F.3d 1262, 1267 (10th Cir.2005)).
>
> Although *Flores-Ortega* did not involve plea-agreement appeal waivers, the Supreme Court held there that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 484 (2000) ("This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes."). And, in this specific circumstance, the Supreme Court recognized that the "performance" and "prejudice" prongs of the *Strickland* ineffective-assistance-of-counsel standard effectively "overlap." *Id.* at 486. The merits of the requested appeal don't matter. *Id.* When a lawyer disregards his or her client's express instruction to file an appeal,

- 3 -

the client is automatically prejudiced because they have been "deprive[d] . . . of an appeal that [they] otherwise would have taken." *Id.* at 484. Indeed, "deficient performance in this context *causes* prejudice because it causes the 'denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right.'" *Campbell*, 686 F.3d at 357 (emphasis added) (quoting *Flores-Ortega*, 528 U.S. at 483).

In joining the majority of federal circuits in applying *Flores-Ortega* to cases involving an appeal waiver, the Sixth Circuit rejected sister-circuit counterarguments concerning efficiency and plea-bargain benefits. Take the Seventh Circuit's decision in *Nunez v. United States*, 546 F.3d 450 (7th Cir. 2008) and the Third Circuit's decision in *United States v. Mabry*, 563 F.3d 231 (3rd Cir. 2008). In *Nunez*, the Seventh Circuit held that a lawyer need not file an appeal upon a defendant's request if the defendant waived their right to appeal in their plea agreement. That Court's reasoning makes some sense. When a defendant appeals in breach of a plea-agreement waiver, the Government may withdraw concessions it offered in consideration for the defendant's guilty plea. *See United States v. Lukse*, 286 F.3d 906, 909 (6th Cir. 2002) ("Plea agreements are contractual in nature."). So, the Seventh Circuit reasoned, when faced with a client wanting to appeal in breach of their waiver, a lawyer's "duty to protect his client's interest" outweighs his or her duty to respond to their "unreasonable" request. *Nunez*, 546 F.3d at 455 (noting an appeal "would . . . put" the defendant "in jeopardy, allowing the prosecutor to reinstate . . . dismissed charges or ask the district court to increase the sentence[,]" and would rescind any sentencing "discount[s]" received for prior acceptance of responsibility). The Third Circuit adopted this reasoning in *Mabry* and additionally explained that, as a matter of efficiency, courts should only allow these ineffective-assistance-of-counsel claims to proceed if the defendant's waiver was unknowing or involuntary. *Mabry*, 536 F.3d at 241.

But the Sixth Circuit rejected *Marbry*'s efficacy rationale as "unpersuasive" in light of the well-established procedure courts and attorneys must follow when a defendant appeals post-waiver. *Campbell*, 686 F.3d at 358, 360 ("[T]he court can efficiently dispose of claims that fall within the scope of the waiver; and the government may, but is not required to, respond to the potential issues on appeal." (citing *Anders v. California*, 386 U.S. 738 (1967))). And, although it agreed with the Seventh Circuit in *Nunez* that attorneys have *some* obligation to "protect the defendant from losing the benefit of a plea bargain," the Sixth Circuit found this obligation insufficient to "justif[y] the denial of reasonable effective counsel . . . if the defendant chooses that course." *Id.* at 359 (stressing that appealing is the "defendant's prerogative"). Thus, "even where an appeal appears frivolous" because of a prior waiver, an attorney still has a Sixth Amendment obligation to file an appeal upon request. *Campbell*, 686 F.3d at 358. The Sixth Circuit recognizes the likely result of this rule: "[a]dmittedly, applying the *Flores-Ortega* presumption to post-waiver situations will bestow on most defendants nothing more than an opportunity to lose." *Id.* at 360 (quoting *Campusano*, 442 F.3d at 777).

> Seven years after the Sixth Circuit decided *Campbell* and weighed in on the circuit split, the Supreme Court provided clarity. In *Garza v. Idaho*, the Supreme Court expressly held that the "presumption of prejudice recognized in *Flores-Ortega* applies regardless of whether defendant has signed an appeal waiver." 586 U.S. 232, 247 (2019). Like the Sixth Circuit and most federal appellate courts, the Supreme Court concluded "that the risk of breaching the defendant's plea agreement" by filing a requested appeal does *not* trump the attorney's constitutional mandate to abide by their client's decision to appeal. *Id.* at 241. So the law is now well-settled: if a defendant asks his or her attorney to appeal and they do not do so, the attorney deprives the defendant of their Sixth Amendment rights, regardless of whether the defendant waived his right to appeal. *See id.* at 243–44; *but see id.* at 248–51 (Thomas J., dissenting) (explaining this "defendant-always-wins" rule is unsound and impractical; noting that, in a vast majority of cases, an appeal would be "worse than pointless" by "creat[ing] serious risks for [the defendant] while having no chance at all" of success; and suggesting ineffective-assistance would only lie in these circumstances if (1) the proposed claims on appeal are outside the appeal waiver, (2) the appeal waiver was involuntary or unknowing, or (3) the Government breached the plea agreement, first).
>
> But courts should not simply take a defendant's word at face value. Without the Government's concession, the Sixth Circuit instructs district courts to conduct evidentiary hearings to resolve the threshold factual question of whether the defendant actually made the alleged request. *Id.* at 360.

*Ciesielski*, 2025 WL 1001479, at *8–10 (citations in original) (footnotes omitted).

So, this Court scheduled the evidentiary hearing for April 21, 2025, and clarified Defendant's burden. As explained, Defendant must show, by a preponderance of the evidence, that he "unequivocally" requested an appeal. *Id.* (citing *Campbell*, 686 F.3d at 355; *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007)). And this Court can consider Defendant's credibility when deciding whether he meets this burden. *Ciesielski*, 2025 WL 1001479, at *10. At bottom:

> If . . . [D]efendant did *not* request an appeal, [his] ineffective-assistance claim fails, and [he] "is not entitled to any . . . relief." *Campbell*, 686 F.3d at 360. If, as a matter of fact, the defendant *did* request an appeal, [he] succeed[s] on [his] ineffective-assistance claim as a matter of law and [is] accordingly entitled to file a "delayed appeal." *Id.*; *see also Garza*, 586 U.S. at 247 ("When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal.")

*Id.* (citations in original).

II.

Defendant, his trial attorney Ms. Satawa, and counsel for the Government attended the virtual April 21, 2025 evidentiary hearing. Having considered the Parties' pleadings and all evidence presented at the hearing, this Court finds that Defendant did not request an appeal. Two points underscore this conclusion.

First, Defendant produced no evidence to support his "bare assertion" to the contrary. *Watson v. United States*, 493 F.3d 960, 962 (8th Cir. 2007) (noting these assertions need not be credited). He had at least three opportunities to do so. He could have done so in his initial § 2255 motion. He could have done so in the optional supplemental briefing this Court directed him to file in advance of the April 21, 2025 evidentiary hearing. *See Ciesielski*, 2025 WL 1011479, at *10 (permitting Defendant to file "no more than 10 pages, excluding attachments . . . [to] support . . . [his] alleged appeal request"). And he could have done so at the evidentiary hearing itself. In the two years since he filed his § 2255 motion, Defendant has not provided any evidence to "tip the scales in his favor" and support his factual allegation that he asked Attorney Satawa to file an appeal on his behalf. *Shaw v. United States*, 498 F. Supp. 3d 944, 956 (E.D. Mich. 2020). Without more, Defendant has not proven by a preponderance of the evidence that he requested an appeal. *See Disner v. Westinghouse Elec. Corp.*, 726 F.2d 1106, 1109, n. 6 (6th Cir. 1984) (noting this burden requires proof that a fact is more probable than not).

Second, Defendant undermined his own credibility at the evidentiary hearing. In his § 2255 motion, Defendant alleged that he requested an appeal in writing, in a letter he sent to Ms. Satawa. ECF No. 54 at PageID.238 ("I had written to her about the issue and got no response."). But, at the evidentiary hearing, Defendant changed tune and denied ever making a written request, instead

explaining his alternative contention that he requested an appeal in person, "face-to-face," after his August 2022 sentencing:

> **Defendant:** Right in the courtroom I did it, right—right in front of you, sir. When . . . we were done, we moved from this table, she went over to the other table there, and I came and I asked her about the time I was given. She took and showed me 30 years[.] But I also told her I wanted to appeal it. Now, whether she heard me or not, I don't know. . . .
>
> **The Court:** So your point is that the [sentencing] hearing had concluded? . . .
>
> **Defendant:** Yes . . .
>
> **The Court:** [W]here did the conversation with Ms. Satawa take place?
>
> **Defendant:** In between the tables.
>
> **The Court:** But before you left the room with the marshals?
>
> **Defendant**: Yes. Before I was taken away, yes.

ECF No. 80 at PageID.439–41. Counsel for the Government also questioned Defendant on this issue:

> **Government Counsel:** So, Mr. Ciesielski, it's my understanding that [as alleged] you only made one direct request to Ms. Satawa regarding your desire to file an appeal and that was in the courtroom?
>
> **Defendant:** Yes, sir. . . .
>
> **Government Counsel:** Okay. So there would be no letter where you requested her to do that, correct?
>
> **Defendant:** No, no. No, I'd rather do things face-to-face.

*Id.* at PageID.443. Defendant's contravening contentions undermine his credibility, providing further support for this Court's decision not to credit his factual allegation that he requested an appeal. *See Watson*, 493 F.3d at 962.

- 7 -

Because Defendant has not shown by a preponderance of the evidence that he requested his trial counsel to file an appeal on his behalf, his remaining § 2255 ineffective-assistance-of-counsel claim will be denied. *See* ECF No. 54.

Separately, during the evidentiary hearing, Defendant made an oral motion to be furnished with appointed counsel to further support this now-denied claim. *See* ECF No. 80 at PageID.434–37. This Court received Defendant's written motion nine days later. ECF No. 81. But this motion is now moot. And it would be denied even if it wasn't. Defendants do not have a constitutional right to counsel in post-conviction proceedings. *Kissner v. Palmer*, 826 F.3d 898, 905 (6th Cir. 2016). And the underlying issue Defendant failed to prove was factual, as opposed to legal, and was not complex. So appointing counsel would not have been in the "interests of justice." *See* 18 U.S.C. § 3006A(a)(2)(B); *United States v. Augustin*, 16 F.4th 227, 233 (6th Cir. 2021).

### III.

Accordingly, it is **ORDERED** that Defendant's Motion to Vacate, ECF No. 54, is denied.

Further, it is **ORDERED** that Defendant's Motions for Counsel, ECF No. 81; *see also* Oral Motion on April 21, 2025, and ECF No. 80 at PageID.434–37, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Case No. 1:23-cv-11216 is **DISMISSED**.

Dated: May 13, 2025                                s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge